# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOWARD L. LANGFORD, | ) | Civil No. 8:16CV16 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **PROTECTIVE ORDER** |
| PHYSICIANS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

Upon consideration of the Joint Motion for Protective Order filed on April 24, 2017, and for good cause,

**IT IS ORDERED** that the motion is **GRANTED** as follows:

1. The plaintiff has requested documents some of which contain confidential personnel information regarding current and/or former employees of Physicians Mutual Insurance Company. To protect the privacy interests of the Defendant and of individuals not parties to this action, such documents shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of the Plaintiff or Counsel for Defendant shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order. A Party who produces material may designate it as CONFIDENTIAL INFORMATION only when the party in good faith believes it contains confidential medical or protected health information, private information, personnel and compensation information, employee discipline information, personal or business information, and confidential human resources information including, but not limited to, ethics investigations, misconduct investigations, and grievance and complaint handling.

2. All documents designated as "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3. The Plaintiff shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the Defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except experts employed or retained by Plaintiff in connection with this action; court personnel; court reporters; and persons noticed for depositions or trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. Persons attending portions of any depositions in which CONFIDENTIAL INFORMATION is used shall be limited to those described within this paragraph. Any pages of deposition transcripts or affidavits, wherein any CONFIDENTIAL INFORMATION is used or referred to, shall automatically be considered to be CONFIDENTIAL INFORMATION. The Plaintiff shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

4. The Plaintiff's experts or trial witnesses to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this Protective Order and instructed to read the same. These experts and trial witnesses shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court. Such persons, other than any attorneys and legal staff, if retained by Plaintiff, shall sign an acknowledgement of having complied with this paragraph. Plaintiff agrees to specifically inform Defendant, in writing, when any attorneys are given or shown any CONFIDENTIAL INFORMATION, prior to such information being furnished.

5. If Plaintiff, after receiving documents or information designated as CONFIDENTIAL INFORMATION hereunder or Counsel for Defendant after receiving such documents, objects to such designation of any or all of such items, the following procedure shall apply:

    a. Plaintiff, or Counsel for the objecting party, if not the Plaintiff, shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Plaintiff or Counsel for the designating party, if not the Plaintiff, shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL INFORMATION. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel, including Plaintiff, shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a CONFIDENTIAL INFORMATION designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall request a joint status conference with the Court, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

6. To the extent consistent with applicable law, the inadvertent or unintentional disclosures of confidential materials that should have been designated as CONFIDENTIAL INFORMATION, regardless of whether the information, document, or thing was so designated

at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing Plaintiff and counsel for all parties to whom the material was disclosed that the material should have been designated CONFIDENTIAL INFORMATION within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as CONFIDENTIAL INFORMATION under this Protective Order.

7. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

8. CONFIDENTIAL INFORMATION shall not be copied or otherwise reproduced by the receiving party, except for transmission to those individuals identified in this Order as being eligible to receive such copies, without the written consent of the producing party or, in the alternative, by further Order of the Court. However, nothing herein shall restrict such qualified recipients of those documents from making working copies, abstracts, digests, and analyses of CONFIDENTIAL INFORMATION for use in connection with this action. All such working

copies, abstracts, digests and analyses, shall be deemed CONFIDENTIAL INFORMATION under the terms of this Order.

9. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

10. Upon final termination of this proceeding, including all appeals, each party must return to the producing party all original materials produced and designated as CONFIDENTIAL INFORMATION, and shall also return all copies of such information, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes, and other work product material that contain or refer to CONFIDENTIAL INFORMATION. This Protective Order shall survive the final termination of this action and shall be binding on the parties at all times in the future.

April 24, 2017

**BY THE COURT:**

*s/Cheryl R. Zwart*
UNITED STATES MAGISTRATE JUDGE